TERRELL, Justice.
This appeal is from a final decree enjoining appellant from violating a restrictive covenant in his deed to lots six and seven, Block Ten, Bayview Subdivision, Fort Walton, which reads as follows • “No intoxicating liquors shall be sold on said lots, except as an adjunct to regular meals.”
The sole point with which we are concerned is whether or not the trial court correctly construed the restrictive covenant.
Appellant contends that he has met the requirements of the restrictive covenant, in that he operates a bar, cocktail lounge and package store and has made food service available on the premises. The chancellor held that “liquors may be sold or served only to a customer who has ordered a regular meal for consumption as an adjunct of the meal.” We are convinced that the chancellor’s interpretation was correct. In fact, appellant’s device for meeting the requirements of the covenant is a mere subterfuge that would be equivalent to its removal.
It is further contended that the neighborhood has changed to such extent as to make further enforcement of the restrictive covenant unreasonable and arbitrary. It is shown that there is a bar across the street in an area that is unrestricted but no other attempt has been made to operate in the restricted area. It is further contended that no deed in appellant’s chain of title spells out the requirements of the restrictive covenant. This is true but such a deed was on record and has been supplied by supplement to the record since the case was lodged in this court. Appellant’s deed was made “subject to the conditions and restrictions in the deed from Nannie Esther Starkey” which is the supplied deed.
No error being made to appear, the judgment appealed from must be and is hereby affirmed.
Affirmed.
*228 THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.
ROBERTS, C. J., dissents.
HOBSON, J., not participating.