SANDLER, HARRY N., Associate Judge.
This is an appeal from the final decree which enjoined the appellants from operating a tavern or beer hall and from selling, keeping for sale, storing for sale or distributing any alcoholic beverages of any kind upon certain lots or parcels of land in a subdivision known as Orlando Beach, in Brevard County, Florida. The property involved consists of two parcels, one leased by Guy Hevia (one of the appellants) and Harvey Berman, and which was operated by Guy Hevia as a drive-in restaurant, and the other, the Sea Breeze Motel, owned and operated by Roland C. Gest and wife. On May 16, 1951, the owners of the subdivision herein involved sold and conveyed to Grover C. Herring and Rose B. Herring, his wife, as an estate by the entireties, the lands lying and being in Brevard County, Florida, to wit:
Lots 10 to 16, inclusive, in Block 4, and part of Lot 9, in Block 4,
in which deed the property was conveyed subject to the following restrictions:
“It is understood that Lots 10 to 16, Block 4, aforesaid are platted and designed for business lots, and that all of Lot 9 is platted and designed for a residential lot. Reference is to recorded plat as recorded in Plat Book 9, page 43, of the current public records of Brevard County, Florida, and to the restrictions recorded along with and on said plat and these Lots are sold subject to said recorded plat and the restrictions set out thereon as to the uses to which the lots may be put, * * !)
On September 1, 1951, the subdivision owners conveyed to Grover C. Herring and Rose B. Herring, his wife, by warranty deed, the following piece or parcel, to wit:
“The East 155 ft. of East 175 ft. of Lot 8, Block 4, according to the plat of Orlando Beach as recorded in Plat Book 9, page 143, public records of Brevard County, Florida,”
and in and by said deed the above described parcel was'conveyed, subject to the restriction:
“This is a residential lot and is subject to the restrictions on the recorded plat and to the further restriction that no prefabricated house or house built elsewhere shall be removed to, placed upon, or maintained on said lot”.
Grover C. Herring and wife thereafter, during the month of December, 1957, leased the said lots and the restaurant building located thereon to the defendants, Guy Hevia and Harvey Berman. On August 22, 1946, the then owners of said subdivision sold and conveyed to C. E. Anderson, Jr. of Dillon, South Carolina, Lot 10' of Block 1, of the plat of Orlando Beach, and in and by the said deed the said described property was conveyed subject to> the following restrictions:
“Subject to restrictions of record as shown on recorded plat.
“Subject also to the following further restrictions:
“1. Plans and specifications of any building proposed to be erected on said-lot must first be submitted to grantors and their written approval thereof secured before construction begins or material is laid on the ground.
“2. In the operation of any business-on said premises, all business shall be transacted inside the building, except in-case of a service station, and pumps- and oil dispensers or racks for cans of oil, may be outside of building. No-broken down cars, parts of cars, old tires, garbage or other rubbish shall accumulate anywhere on the premises^ Grease rack may be outside building.
*797 “3. No outside toilets or other unattractive out-buildings shall ever be constructed on the premises.”
C. E. Anderson, Jr. thereafter, on January 10, 1958, conveyed Lot 10 of Block 1, to Roland C. Gest and Lucile Gest, his wife, the conveyance being likewise made subject to the restrictions of record. The restrictions in question likewise appear on the plat of the subdivision, being as follows, to wit:
“(1) Except on the one east and west street in this subdivision which is hereby designated as a business street, to provide a commercial section for Orlando Beach * * *.
“(2) No alcoholic beverage of any kind or any alcoholic content shall ever be sold, kept for sale or stored for sale or distribution on any lot in this subdivision.
“(3) * * *
“(4) No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.
“(5) * * *
“(6) * * *
“(7) These covenants are to run with the land and shall be binding to -all parties and all persons claiming under them until June 1972. * * * ”
The defendants were charged specifically with violating the restriction on the land described as No. 2, to wit:
“No alcoholic beverage of any kind or any alcoholic content shall ever be sold, kept for sale or stored for sale or distribution on any lot in this subdivision.”
Hevia and Berman were also charged with violating the restriction appearing as No. ^4, to wit:
“No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.”
Thereafter defendants filed motion to dismiss, motion to strike, and motion for more definite statement, which apparently were argued before the Judge but no ruling made thereon. Thereafter an answer was filed on behalf of the defendants which admitted that beer was advertised and sold' upon the premises but denied that this constituted a violation of any restrictive covenants; that plaintiffs were guilty of laches in failing to bring this cause of action until such time as the defendants had expended considerable monies, the plaintiffs having known of the improvements being made by the defendants on the premises; that the covenants and restrictions contained in the plat of the subdivision referred only to the lots in the subdivision other than those on the east and west street known as Orange Avenue; and, further, that the area in question since the filing of the plat had so changed as to make the restrictions inapplicable.
Considerable testimony was taken on the issues made by the complaint and the answer, after which the trial court entered the decree in question which found the restrictive covenants contained on the map or plat to be covenants running with the land, as such, enforceable as contract concerning the land of the plaintiffs in this suit, as well as other purchasers of record of the property in said subdivision; that all of the defendants had both actual and constructive notice of the existence of said restrictive covenants and violated the same by the sale, keeping for sale and storage for sale and distribution of alcoholic bev>-erages; and enjoined and restrained the defendants from operating a tavern or beer hall and from selling or keeping for sale and storing for sale and distribution, alcoholic beverages of any kind upon the premises known as Guy’s Drive-In Res *798 taurant and the Sea Breeze Motel located on the lots or parcels in question.
The appellants have filed some eight assignments of error, all of which are summarized in the last one, to wit, “The Court erred in entering the Final Decree”. Subsequently, pursuant to stipulation, appellants filed additional assignments of error, to wit, that the Court erred in making the orders of September 8, 1958, entered or to be entered pursuant to the stipulation of the parties dated November 17, 1959,
(1) denying the defendants’ motion to dismiss,
(2) denying the motion to strike portions of the complaint, and
(3) denying the defendants’ motion for more definite statement.
No such orders appear in the transcript, and in the directions to the Clerk there appears the following:
“8. Recite that no order has been made disposing of the defendants’ Motion to Dismiss, for better particulars and to strike”.
So that one of the assignments of error is that the cause was not at issue at the time testimony was taken. The answer was filed without any ruling on the several motions mentioned and thereafter considerable testimony was taken in which the defendants participated without objection. In discussing a somewhat similar situation in the case of Strong v. Clay, Fla. 1950, 47 So.2d 822, 824, the Court said:
“To promote sound and uniform practice we think the movant should set his motion for hearing before the Court on a day certain at the time it is filed, giving opposing counsel reasonable notice of the hearing not exceeding five days. At such hearing the Court may in his discretion adjudicate the motion or he may defer action on it till the trial. If the motion is overruled, responsive pleading will follow under Rule 33(a) or as the Court directs.”
Likewise, in the case of Tropicaire Engineering Service Corp. v. Chrysler Airtempt Sales Corp., Fla.App. 1957, 97 So.2d 149, the Court said :
“Provision in rule of civil procedure to the effect that a suit will not be deemed at issue until a pending motion to dismiss is ruled upon by the court, has reference to instances where an answer has not been served and the ruling on the motion is to precede the requirement to answer, but such provision does not operate where the court avails itself of procedure of postponing the ruling on the motion to dismiss until the final hearing or trial.”
The appellants, in the trial court having filed their answer and proceeded to the taking of testimony without the securing of a ruling on their motions, are not now in position to complain. While the trial judge did not make an order postponing a ruling on the motion to dismiss until the final hearing, the entry of the final decree in favor of the plaintiffs was equivalent to a denial of the motions.
Specifically, the question here involved is the enforceability of restrictive covenants contained in the plat of the subdivision and conveyances made according to the plat. It is contended by the appellants that restrictions are not favored and are to be strictly construed. This is true but nevertheless conveyances restricting the usage are valid when established by contract between the parties. The restrictions on the plat and subsequent conveyances are uniform in their application to all lots in the subdivision. The laws of this State as to both validity and enforceability is thoroughly discussed in Batman v. Creighton, Fla.App.1958, 101 So.2d 587, in which the restrictive covenants were upheld. The Court in quoting from the case *799 of Stephl v. Moore, 94 Fla. 313, 114 So. 455, stated, to wit:
“Covenants restraining the free use of real property, although not favored in law, will he enforced by the courts when the restriction applies to the location of buildings to be erected on the land, and such restrictions are carried in all deeds with a view to preserve the symmetry, beauty, and general good of all interested in the scheme of development. The benefit of restrictive covenants inures to each purchaser, irrespective of the time of purchase.” Cases cited.
See also, Edgewater Beach Hotel v. Bishop, 120 Fla. 623, 163 So. 214. In the case of Sinclair Refining Co. v. Watson, Fla.1953, 65 So.2d 732, the Court said:
“Covenants restraining free use of realty are not favored, but to provide fullest liberty of contract and widest latitude possible in disposition of one’s property, such covenants are enforced so long as they are not contrary to public policy or express law and so long as restraint is within reasonable hounds.”
In the case of Clary v. Lamont, Fla. 1953, 67 So.2d 227, conditions and restrictions in deed of record containing covenants against intoxicating liquors on premises except as an adjunct to regular meals, were upheld. The restrictions involved in this proceeding and sought to be enforced do not question the right of the appellants to use the premises involved for business purposes. The prohibition sought is the selling of alcoholic beverages on the premises and the use of the property so as to constitute a nuisance. The fact that part of the subdivision may be residential and part commercial does not affect the validity of the restrictions. In the case of Vetzel v. Brown, Fla.1956, 86 So.2d 138, the Court said:
“Where grantor, and an adjoining landowner entered into recorded agreement restricting the use of their property, and the restriction was a part of a general plan to segregate business properties in one area and to restrict the remainder of the property owned by the parties to residential purposes, such restrictions were favored by public policy and would be protected by courts of equity.”
The appellants in their answer raised the question of laches and further alleged that since the filing of the plat that there has been such a change in the character of the neighborhood as to make it inequitable to enforce the restrictive covenants against them. The Chancellor in his decree did not make specific findings upon these questions or defenses but the effect of the decree was to hold that they are not substantiated by the record. It would serve no useful purpose to discuss some five hundred pages of testimony which amply support the conclusions reached by the trial court.
The decree appealed from is affirmed.
ALLEN, C. J. and SHANNON, J., concur.