Marvin FRANCOIS,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT,
Respondent-Appellee.

No. 83–5775.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1984.

Joel N. Rosenthal, Miami, Fla., for petitioner-appellant.

Calvin Fox, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before FAY and ANDERSON, Circuit Judges, and MARKEY *, Chief Judge of the Federal Circuit.

R. LANIER ANDERSON, III, Circuit Judge:

Marvin Francois was convicted in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida, on six counts of first-degree murder. Following a jury recommendation of death, the trial court imposed six consecutive death sentences. After exhausting his state remedies, Francois petitioned the federal district court to issue a writ of habeas corpus setting aside his convictions and death sentences on constitutional grounds. The district court denied his petition, and we affirm.

## FACTS

On July 27, 1977, John Ferguson gained admittance to the Miami, Florida, home of Livingston Stocker by posing as a power company employee. Margaret Wooden, the girlfriend of Stocker's nephew, Michael Miller, was home alone at the time. Ferguson bound Wooden's hands and blindfolded her. He then admitted Beauford White and petitioner Marvin Francois into the house. The

---

* Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

three men searched the house for valuables and took some firearms and jewelry. Then the three men covered their faces with masks.

Shortly thereafter, Livingston Stocker arrived home with five friends including Johnny Hall. The robbers tied the six men up and robbed them. Later still, Michael Miller, Stocker's nephew, arrived home and was also tied up and robbed.

Francois' mask then slipped off, whereupon he announced that the victims would have to be killed. Ferguson took Wooden and Miller into a bedroom and shot them in the head with a pistol. Francois took the other six victims into another bedroom and made them lie side by side on the floor. Ignoring pleas for mercy, he then went down the row and shot each person in the head with a shotgun. Wooden and Hall survived. The others died.

Francois was tried before a jury in the Circuit Court for the Eleventh Judicial Circuit, Dade County, Florida. At trial, Johnny Hall testified and identified Francois as the man who shot him and five others with a shotgun. Another witness, Theresa Rolle, testified that Francois admitted to her his participation in the murders. Adolphus Archie, a prosecution witness who pled guilty to second-degree murder, testified that he took Francois, Ferguson, and White to Stocker's home. Archie met the three later and helped dispose of evidence. Archie testified that Francois told him that the purpose of the venture was murder, not robbery. Archie also testified that Francois told him that Francois and Ferguson had done the shooting.

Francois was convicted on six counts of first-degree murder, two counts of attempted first-degree murder, and three counts of robbery. On April 24, 1978, the trial court imposed six death sentences, two concurrent twenty-year terms, and three concurrent life sentences.

Francois directly appealed to the Florida Supreme Court, which affirmed the petitioner's judgment and sentences of death. *Francois v. State*, 407 So.2d 885 (Fla.1981). The United States Supreme Court denied

certiorari. *Francois v. Florida*, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982).

On November 5, 1982, Florida's governor signed a death warrant. Francois' execution was scheduled for December 7, 1982. On November 12, 1982, Francois filed a motion in the state trial court for post-conviction relief, alleging ineffectiveness of trial counsel. On November 16, 1982, Francois filed a petition for writ of habeas corpus in the Florida Supreme Court, alleging ineffectiveness of appellate counsel. The trial court denied Francois' motion for post-conviction relief and Francois appealed to the Florida Supreme Court. In a single opinion, the Florida Supreme Court affirmed the denial of post-conviction relief and denied the writ of habeas corpus. *Francois v. State*, 423 So.2d 357 (Fla.1982).

On November 30, 1982, Francois filed his federal habeas corpus petition and a motion to stay execution in the United States District Court for the Southern District of Florida. That court entered a stay on December 2, 1982. On October 13, 1983, the district court denied the writ, and on November 2, 1983, denied Francois' motion for rehearing. Francois filed a timely notice of appeal and a motion for certificate of probable cause, which the district court granted on November 25, 1983.

On this appeal, Francois contends (1) that he is entitled to an evidentiary hearing on his claim that his grand jury was selected under a procedure that systematically excluded blacks, (2) that he is entitled to a ruling on the merits on his claim that the trial court improperly excluded mitigating evidence at the sentencing hearing, (3) that his trial counsel was ineffective, (4) that his appellate counsel was ineffective, and (5) that the aggravating circumstance, "heinous, attrocious, and cruel" was improperly applied to this case.

## I. GRAND JURY CLAIM

In his federal habeas petition, Francois argued that he was denied equal protection because the grand jury that indicted him

was selected under a procedure that systematically excluded blacks.

Prior to his trial, Francois moved to dismiss his indictment for the same reason. *Francois v. State*, 407 So.2d 885, 888 (Fla. 1981). At that time, he also moved for an evidentiary hearing on the grand jury motion and for discovery of the master list from which grand jurors were drawn. *Id.* The trial court denied the motions. On direct appeal to the Florida Supreme Court, Francois raised the grand jury claim. However, the state supreme court refused to consider the merits of the claim, finding that Francois had waived his right to appeal the denial of the grand jury motions. Because of the importance of this finding, we quote the Florida Supreme Court's discussion of the issue in its entirety:

> ▮ Although we find that the motion was timely filed, we hold that appellant waived his right to appeal the denial of his motions for discovery, for a hearing, and to dismiss the indictment, by failing to diligently pursue the matter and by inducing the trial court to rule against him. The record shows that appellant's motion came up for consideration at a pre-trial hearing held January 3, 1978, at which other motions were argued. At that hearing appellant's counsel stated:
>
>> The only other motion that I filed is the motion to dismiss the Grand Jury indictment based on the Blue Ribbon Grand Jury and requesting an evidentiary hearing on that point, but it—I am going to forego any arguments on that. In fact, I am not going to ask for a hearing on it until a later date simply because I do not think there is any way I can get this case to trial by next week.
>
> Transcript of Proceedings, vol. I, at 12–13. Further pre-trial hearings were held on February 21 and 23, 1978, and again the matter was not brought up by defense counsel. On February 27 defense counsel declared that he was ready for trial. However, the trial was not finally scheduled to begin until April 17. On that day defense counsel, Mr. Diamond, brought the motion to dismiss to the court's attention and the following exchange ensued:
>
>> MR. DIAMOND: Your Honor, just before we start on the motion to suppress, I am not sure what pretrial motions have at this point been granted and have not, because of the fact that we have three defendants. Now there are four. Well, four defendants have been charged throughout.
>>
>> There were motions to adopt based on all motions previously filed. I filed a motion to dismiss the grand jury indictment in this case originally. I believe it was dismissed—I mean, it was not dismissed by this Court. It was dismissed in other courts with regard to these defendants. This Court did not dismiss the indictments against them.
>>
>> THE COURT: That is true. I find the grand jury was legally constituted, and I deny the motions.
>>
>> MR. DIAMOND: Fine.
>
> Transcript of Proceedings, vol. I, at 40.
>
> This exchange reveals that defense counsel practically invited the court to rule against him. A favorable ruling on the motion would have resulted, possibly, in the convening of a new grand jury and the issuance of a new indictment, or at least in a delay of the trial for purposes of discovery or an evidentiary hearing or both. Yet the record also reveals that appellant and his counsel did not press for a pretrial ruling because they did not want to delay the trial. The defense tactic was to delay the deciding of the claim of grand jury illegality until just before trial, in hopes of upsetting the conviction on appeal. *See Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). We cannot condone such tactics and therefore refuse to consider this issue on appeal.

407 So.2d at 889.

The federal district court found after reviewing the record that the Florida Su-

preme Court's statement of events surrounding the grand jury motion was accurate. The district court therefore "left undisturbed" the finding of procedural default. Record, vol. 1 at 164. The district court then held that Francois had not shown either "cause" excusing the default or "actual prejudice" resulting from the alleged constitutional violation, which under *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977), would have allowed the court to reach the merits of the grand jury claim despite the default. Therefore, the court refused to address the merits of the grand jury claim.

### A. *Default*

The Florida Supreme Court found as a matter of fact that Francois failed to pursue the grand jury motions diligently and induced the trial court to rule against him. The court then determined as a matter of state law that Francois thereby waived the right to appeal the denial of the grand jury motions.

### 1. Findings of Fact

■ A federal habeas court may not disturb a factual conclusion of a state court unless the conclusion "is not fairly supported by the record." 28 U.S.C.A. § 2254(d)(8) (West 1977).[1] After a careful review of the record in this case, we believe

that there is sufficient evidence to support the factual conclusions of the Florida Supreme Court that Francois' counsel did not pursue the grand jury motions diligently and that he induced the trial court to rule against him.[2]

Although defense counsel timely filed the grand jury motion, the motion itself acknowledged that "[a]n evidentiary hearing is necessary to present evidence to establish the above allegations beyond any doubt" and that "discovery is essential to the proof of the above allegations and without such discovery a fair and full hearing on the constitutional issues cannot be had."[3] Direct Appeal Record at 30. Defense counsel, however, did not thereafter pursue either discovery or a hearing. At a January 3, 1978, pretrial hearing, defense counsel said that he was not going to ask for a hearing on the grand jury motion at that point because he was not going to be able to get the case ready for its scheduled trial date the next week anyway. Pretrial Transcripts at 12–13. At a February 21 pretrial hearing, defense counsel did not mention the grand jury motion, even though he declared at that time that he would be ready for trial on February 27. *Id.* at 23. Nor did counsel mention the grand jury motion at a February 23 pretrial hearing. On February 27, defense counsel declared that he was ready for trial, but

---

1. Section 2254(d)(8) provides:

     (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

     (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a considera-

     tion of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

2. We note that § 2254(d)'s presumption of correctness "applies to factual determinations made by state courts, whether the court be a trial court or an appellate court." *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

3. Specifically, the motion requested production of the lists of persons called to serve as grand jurors. Under *Castaneda v. Partida*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), underrepresentation of a particular group on a grand jury must be proved "by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time." *Id.*, 430 U.S., at 494, 97 S.Ct. at 1280.

again failed to mention the grand jury motion or the need for discovery and an evidentiary hearing. *Id.* at 31.[4]

This last fact, in particular, supports the finding that trial counsel did not seriously pursue the grand jury motion. Trial counsel should not have announced ready when he did not yet have evidence that by his own admission was essential to prove his grand jury claim. By announcing that he was ready before he had obtained either discovery or a hearing, and without requesting the same at that time, trial counsel demonstrated his lack of interest in the grand jury motion.

Also, the manner in which trial counsel finally brought the grand jury motion to the court's attention on April 17, the date of trial, provides fair support for the factual finding of induced error. Again, trial counsel did not mention either a hearing or discovery. The exchange between the trial court and counsel, in which counsel emphasized that similar grand jury motions had been denied as to other defendants in the case, can fairly be interpreted as an invitation to the trial court to deny Francois' grand jury motion.

Given the "high measure of deference" owed by federal habeas court to a state court's factual findings, *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646, 657 (1983), we cannot conclude that the Florida Supreme Court's findings of fact are not supported in the record.

### 2. Legal Conclusion

■ The Florida Supreme Court determined that by failing to pursue the grand jury motion vigorously and by inducing the court to deny the motion, Francois waived his right to appeal the denial of the grand jury motion. We view this as a conclusion of state procedural law.

■ Ordinarily, issues of state law are immune from federal review. *Fox Film Corp. v. Muller*, 296 U.S. 207, 56 S.Ct. 183, 80 L.Ed. 158 (1935). However, a federal court should not defer to a state interpretation of a state procedural rule that results in forfeiture of a federal claim unless the state rule and its interpretation are "independent and adequate." *Ulster County Court v. Allen*, 442 U.S. 140, 148, 99 S.Ct. 2213, 2220, 60 L.Ed.2d 777 (1979); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). A state procedural ground barring presentation of a federal claim is not independent and adequate if the state applies a new procedural rule without notice or applies an existing rule sporadically or in a surprisingly harsh or unexpected manner. *See James v. Kentucky*, —— U.S. ——, 104 S.Ct. 1830, 1835, 80 L.Ed.2d 346 (1984) (only "firmly established and regularly followed state practice ... can prevent implementation of federal constitutional rights"); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 301, 84 S.Ct. 1302, 1310, 12 L.Ed.2d 325 (1964) (" 'Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights' ") (quoting *NAACP v. Alabama*, 357 U.S. 449, 454, 78 S.Ct. 1163, 1167, 2 L.Ed.2d 1488 (1958)); *Barr v. Columbia*, 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964) ("We have often pointed out that state procedural requirements which are not strictly or regularly followed cannot deprive us of the right of review"); *Wright v. Georgia*, 373 U.S. 284, 291, 83 S.Ct. 1240, 1245, 10 L.Ed.2d 349 (1963) (application of procedural default rule would not preclude Supreme Court review when no prior Georgia case gave notice of the existence of the rule). These principles apply on collateral review of a state court decision as well as on direct review in the Supreme Court. *Breest v. Perrin*, 655 F.2d 1, 3 (1st Cir.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 597 (1981). *See generally Spencer v. Zant*, 715 F.2d 1562, 1571–72 (11th Cir.1983) (discussing when a state law ground is independent and adequate under

---

**4.** Trial did not actually begin until April 17, 1978.

*Wainwright*), *vacated by order for rehearing en banc*, 715 F.2d at 1583.

■■■ Basically, the Florida Supreme Court determined in this case that Francois could not appeal the denial of the grand jury motions because the error, if any, was invited error. In so holding, the Florida Supreme Court did not apply a new procedural rule without notice. The doctrine of invited error, under which a party cannot complain on appeal of error for which he is responsible, is well established in the Florida courts. *See* Fla.Jur.2d *Appellate Review* § 294 (1978 & Supp. 1984) (collecting cases). Nor did the state court apply the rule inconsistently or in a novel or unexpectedly harsh manner. Although the invited error doctrine most clearly applies when appellant affirmatively requests the error, acquiesces therein, or fails to object thereto, *Keller Industries v. Morgart*, 412 So.2d 950 (Fla.Dist.Ct.App.1982); *Bould v. Touchette*, 349 So.2d 1181, 1186 (Fla.1977), the Florida courts also apply the doctrine when, as here, the appellant has contributed to the error less directly. *See Behar v. Southeast Banks Trust Co., N.A.*, 374 So.2d 572, 575 (Fla.Dist.Ct.App.1979) (applying invited error doctrine when allegedly erroneous order was partly induced by stipulation of parties; "[o]ne who has contributed to alleged error will not be heard to complain on appeal"), *cert. denied*, 379 So.2d 202 (Fla.1980); *Hevia v. Palm Terrace Fruit Co.*, 119 So.2d 795, 798 (Fla.Dist.Ct.App.1960) (when defendants in trial court filed their answer and proceeded to take testimony without securing ruling on their motions to dismiss and to strike, they were not entitled to complain on appeal that the case was not in issue at time the testimony was taken); *Irvin v. State*, 19 Fla. 872 (1883) (failure to call court's attention to a motion for change of venue operated as waiver of errors in connection therewith). *See also Clay v. Thomas*, 363 So.2d 588 (Fla.Dist.Ct.App.1978) (plaintiff's counsel could not complain of defense counsel's improper remarks when plaintiff's attorney invited the remarks by his own improper conduct); *Sears, Roebuck & Co. v. McAfoos*, 303 So.2d 336, 337 (Fla.Dist.Ct.

App.1974) (appellants could not complain of error caused in part by their negligent compliance with discovery requests); *United Theaters of Florida, Inc. v. State ex rel. Gerstein*, 259 So.2d 210, 212 (Fla.Dist.Ct. App.1972) (defendant could not complain of the trial court's failure to hear testimony when defense counsel told the court, "I am not certain the court needs witnesses or wants to hear witnesses"), *vacated on other grounds*, 419 U.S. 1028, 95 S.Ct. 510, 42 L.Ed.2d 304 (1974), *aff'd in relevant part on remand*, 323 So.2d 309, 310 (Fla.Dist. Ct.App.1975); *Board of Public Instruction v. Dade County Classroom Teachers Ass'n*, 243 So.2d 210, 213 (Fla.Dist.Ct.App. 1971) (defendant could not complain of error in converting temporary injunction to permanent injunction without proof of irreparable injury when defendant stipulated that court could enter final judgment based on the record of temporary injunction proceedings).

■■■ Also the Florida Supreme Court reasonably inferred as a factual matter that defense counsel's tactic was to delay decision on the grand jury claim until just before trial, in hopes of upsetting the conviction on appeal. 407 So.2d at 889. The court's refusal to condone this tactic by considering the issue on appeal is also consistent with Florida cases holding that when counsel makes a tactical decision to forego an objection at trial he cannot complain of the error on appeal. For example, in *Valdez v. Fesler*, 298 So.2d 512, 513–14 (Fla.Dist.Ct.App.1974), counsel brought the basis for his objection to the court's attention, but failed to make a formal objection at trial, raising it formally for the first time in his motion for new trial. The appeals court refused to review the alleged error: "In light of the foregoing circumstances, we find that appellant, being cognizant of the comparative negligence rule, elected to try his case on a winner-take-all basis. Having made this election, it must be said that he is precluded from having a second trial . . . ." *See also Keller v. Morgart*, 412 So.2d 950, 951 (Fla.Dist.Ct.App. 1982).

We conclude that there was an independent and adequate basis in state law for the procedural default doctrine and its application in this case. Thus we defer to the Florida Supreme Court's holding that Francois waived the right to appeal the denial of his grand jury claim.

### B. *Cause and Prejudice*

■ Notwithstanding this independent and adequate state procedural bar, we may review the merits of the defaulted grand jury claim if Francois can show both cause excusing and actual prejudice resulting from the waiver of the grand jury claim. *Francis v. Henderson,* 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976). *See also Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ We need not examine the cause requirement here, because we are satisfied that Francois suffered no actual prejudice arising from the waiver of the claim. Assuming that counsel had been able to prove an equal protection violation, Francois' indictment would have been automatically quashed. *Rose v. Mitchell,* 443 U.S. 545, 556, 99 S.Ct. 2993, 3000, 61 L.Ed.2d 739 (1979). Yet, the evidence against the defendant was so overwhelming that there is no question but that he would have been reindicted. Therefore, a successful grand jury challenge would have served only to delay the date of trial. *Cf. Smith v. Kemp,* 715 F.2d 1459, 1471–72 (11th Cir. 1983) (finding no prejudice to male defendant from alleged unconstitutional "opt-out" provision for women leading to underrepresentation of women in the petit jury selection), *cert. denied,* ─── U.S. ───, 104 S.Ct. 510, 78 L.Ed.2d 699 (1983).

Francois argues that a conclusion that he suffered no prejudice is inconsistent with

*Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), a habeas case that held that discrimination on the basis of race in the selection of the grand jury requires reversal of the defendant's conviction "without regard to prejudice." *Id.,* 443 U.S., at 557, 99 S.Ct. at 3001. *Rose v. Mitchell* is inapposite here. It expressly noted, citing *Francis v. Henderson,* that "[t]here is no contention in this case that respondents sought to press their challenge to the grand jury without complying with state procedural rules as to when such claims may be raised." *Id.,* 443 U.S., at 559 n. 8, 99 S.Ct. at 3002 n. 8.[5]

Because Francois has not established prejudice arising from the procedural waiver of his grand jury claim, we will not disregard that procedural bar. Therefore, we conclude that Francois is barred from asserting his grand jury claim.

## II. LIMITATION OF MITIGATING EVIDENCE CLAIM

Francois claims that he is entitled to a ruling on the merits of his claim that the trial court improperly limited the presentation of mitigating evidence at the sentencing hearing.

One of the statutory aggravating circumstances the trial court relied on in sentencing Francois to death was that he had twice previously been convicted of a violent felony.[6] At the sentencing hearing, the trial court did not allow Francois to cross-examine the assistant state attorney who had prosecuted him on one of the prior convictions. Francois wanted to cross-examine the attorney to bring out the mitigating facts that the conviction had resulted from a negotiated plea of nolo contendre, that Francois had never acknowledged guilt, and that Francois had received probation for the offense in recognition of the weakness of the state's case against him.

---

5. *Rose* also distinguished cases in which defendants seek to press their grand jury claim after pleading guilty. *Id.* (citing *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)).

6. Fla.Stat.Ann. § 921.141(5)(b) (West Supp. 1984) defines "aggravating circumstances" to include that "[t]he defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person."

Francois appealed the trial court's decision to the Florida Supreme Court, which acknowledged that a defendant must be allowed to present evidence of the events and circumstances surrounding prior convictions. The state court found, however, that by failing to proffer the mitigating evidence that he attempted to elicit on cross-examination, trial counsel waived the issue.[7]

In his habeas petition, Francois again argued that the trial court had improperly limited cross-examination. The district court found that Francois' failure to proffer his own evidence about the conviction constituted a procedural default and that Francois had not shown cause or prejudice excusing the default.

■■■ On appeal to this court, Francois agrees that there was a default at trial and that he must show cause and prejudice to excuse that default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Again, we need not examine the cause requirement because we find that Francois suffered no prejudice from the exclusion of the mitigating evidence. The exclusion of the facts that he pled nolo contendre to one of two prior violent felony convictions, did not acknowledge that he committed that offense, and received probation for that offense did not, in our view, "work[ ] to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed. 816, 832 (1982). We conclude that there is little likelihood that the mitigating facts now asserted would have persuaded the

trial judge to forego reliance on the prior conviction, and in any event would not have decreased the number of aggravating circumstances because the other previous violent felony was not contested. The existence of that other felony would also have prevented the court from finding in mitigation that "the defendant has no significant history of prior criminal activity." Fla. Stat.Ann. § 921.141(6) (West Supp.1984) (listing mitigating circumstances). Inasmuch as there were no mitigating circumstances and four valid aggravating circumstances,[8] including a finding that the multiple, execution-style murders here were "heinous, atrocious, and cruel," we have no difficulty concluding that the balance of mitigating and aggravating circumstances would have been unaffected by the excluded evidence.

Because Francois has not demonstrated prejudice, we reject his limitation of mitigation claim.

### III. INEFFECTIVENESS OF TRIAL COUNSEL

■■■ Francois argues that his trial counsel was constitutionally ineffective in (1) waiving the grand jury motion, and (2) failing to present certain nonstatutory mitigating evidence at the sentencing hearing.[9]

Criminal defendants have a right under the Sixth Amendment to counsel providing "reasonably effective assistance." *Strickland v. Washington*, —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). However, "any deficiencies in counsel's

---

7. The law in Florida is clear that "it is the responsibility of the party attempting to introduce the evidence, by his offer of proof, to make its purpose clear to the trial court, otherwise an objection to a ruling denying its admittance will not be considered by the court on appeal." *Phillips v. State*, 351 So.2d 738, 740 (Fla.Dist.Ct.App. 1977).

8. The trial court found that there were seven aggravating circumstances. However, the Florida Supreme Court invalidated three on appeal. 407 So.2d at 891.

9. In his brief to this court, Francois also alleged as a third ground for a finding of ineffectiveness

that trial counsel failed to proffer the mitigating evidence related to the prior felony conviction. At oral argument before this court, counsel asked this court to disregard this third ground, acknowledging that it had not been presented to the district court. Because the ground was not presented below, we will not consider it here in evaluating the effectiveness of trial counsel. In any event, Francois was not prejudiced by the exclusion of the mitigating evidence related to the prior felony conviction. *See supra* Section II. Therefore, excluding the failure to proffer the evidence as a ground for a finding of ineffectiveness does not weaken Francois' ineffectiveness claim because such a claim requires proof of prejudice. *See infra*.

performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.,* —— U.S., at ——, 104 S.Ct. at 2067. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* —— U.S., at ——, 104 S.Ct. at 2068.

■ We need not determine whether counsel rendered reasonably effective assistance because we find that Francois did not suffer prejudice entitling him to relief. We have already determined that Francois was not prejudiced by the waiver of his grand jury claim. *See Supra* p. 1283 (successful grand jury claim would have served only to delay trial date). And we agree with the district court that the unpresented mitigating evidence, which relates to Francois' education, work history, and family life, would have had no effect on the sentencing proceedings. *See Ford v. Strickland,* 696 F.2d 804, 813 (11th Cir. 1983) (sentencing jury's failure to consider mitigating testimony about defendant's family life, education, and work history did not create actual and substantial disadvantage to defendant).[10]

## IV. INEFFECTIVENESS OF APPELLATE COUNSEL

Francois argues that appellate counsel was ineffective because he failed to raise a meritorious issue on appeal in the state courts.

At trial, defense counsel requested in writing that the following instruction be given:

The aggravating circumstances of "especially heinous, atrocious or cruel" means a murder which is accompanied by such additional acts as to set the crime apart from the norm. It is a crime which is unnecessarily tortuous to the victim. This aggravating circumstance does not apply where the victim dies instantane-

ously and painlessly without additional acts.

The trial court denied the written request and thereafter charged the jury as follows:

Heinous means wicked or shockingly evil. Atrocious means outrageously wicked and vile. Cruel means utter indifference to or enjoyment of the suffering of others; pitiless.

Defense counsel made no objection to the denial of the requested instruction or to the instruction given.

On appeal, counsel failed to raise as a ground of error the trial court's denial of the written request. Francois contends that this constituted ineffective assistance.

■ It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir.1984). However, counsel's failure to raise issues on appeal that only later gain "judicial recognition" does not constitute ineffectiveness, *id.; Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983), "and counsel need not brief issues reasonably considered to be without merit." *Alvord,* 725 F.2d at 1291 (citing *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir.1981); *Hooks v. Roberts,* 480 F.2d 1196, 1197–98 (5th Cir.1973), *cert. denied,* 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974)).

■ We think that appellate counsel also need not raise issues that he reasonably concludes will not be considered on the merits by the appeals court. The alleged jury instruction error here was such an issue. At trial, defense counsel failed to object to the denial of the requested jury instruction. Florida's jury instruction objection rule provides:

At the close of the evidence, or at such earlier time during the trial as the court reasonably directs any party may file written requests that the court instruct the jury on the law as set forth in the

---

**10.** This was not a case in which counsel failed to offer any mitigating evidence. Counsel presented the defendant's mother, two aunts, and a cousin, who testified about defendant's character and background.

requests. The court shall inform counsel of its proposed action upon the request and of the instructions which will be given prior to their argument to the jury.

No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.

Fla.Stat.Ann., Fla.R.Crim.P. 3.390(c), (d) (West 1975). The Florida courts have applied this rule consistently. *See, e.g., White v. State,* 324 So.2d 115, 115–16 (Fla. Dist.Ct.App.1975), *cert. denied,* 339 So.2d 1173 (Fla.1976); *Rayner v. State,* 286 So.2d 604 (Fla.Dist.Ct.App.1973); *Owens v. State,* 215 So.2d 627 (Fla.Dist.Ct.App.1968).[11]

■ Given this state procedural bar, appellate counsel could reasonably have concluded that on appeal the Florida Supreme Court would not review the jury instruction issue on the merits.

■ We note that there may be some cases in which trial counsel's failure to preserve error will not excuse appellate counsel's failure to raise the error, if, for example, the state appeals courts only sporadically apply the procedural bar, or if the error is of such magnitude that the appellate court would likely consider it plain or fundamental error. Here, as noted, the objection rule was applied consistently, and the difference between the requested instruction and that given did not approach fundamental or plain error.

## V. "HEINOUS, ATROCIOUS AND CRUEL" CIRCUMSTANCE

Francois argues that the "heinous, atrocious and cruel" aggravating circumstance (hereinafter referred to as the heinous factor) was improperly applied to this case. The Florida Supreme Court found that the heinous factor was properly applied based on the mental anguish inflicted on the victims as they waited for their executions to be carried out. 407 So.2d at 890. The district court concurred.

We perceive Francois' argument to have two parts. The first part is that the application of the heinous factor to his case was arbitrary because in all other such cases Florida has required evidence of physical torture. This argument has no merit because the Florida Supreme Court has upheld application of this factor in other cases involving psychological torture. *See Griffin v. State,* 414 So.2d 1025, 1029 (Fla.1982) (victim kidnapped and "shot several times over his pleas for mercy"); *White v. State,* 403 So.2d 331, 338–39 (Fla.1981) (applying heinous factor to Francois' codefendant, Beauford White, on same facts as the instant case).

■ The second part of Francois' argument is that psychological torture cannot constitutionally be used to distinguish cases in which death is an appropriate penalty from cases in which it is not. This argument is controlled by our opinion in *Burger v. Zant,* 718 F.2d 979 (11th Cir. 1983). *Burger* held that a death sentence may constitutionally be imposed under Ga. Code Ann. § 17–10–30(b)(7), Georgia's equivalent of the heinous factor,[12] "based

---

11. Some Florida cases state that a request for an instruction *or* an objection to a failure to give an instruction is a prerequisite to raising jury instruction error on appeal. *See, e.g., Alford v. State,* 280 So.2d 479 (Fla.Dist.Ct.App.1973). However, these cases typically involve a court's failure to give an instruction on a particular subject at all. *See, e.g., Burkhead v. State,* 206 So.2d 690, 691 (Fla.Dist.Ct.App.1968). These cases do not involve the situation here, in which the court rejected counsel's specific written request but did give a charge on the same subject. In this situation, Florida law is clear that an objection stating the specific grounds for the objection is necessary to preserve the error.

Even if the Florida cases were not unanimous on this point, we would still find reasonable the decision not to appeal the alleged jury instruction error in this case, given the great weight of authority supporting the conclusion that the error was not preserved.

12. Under § 17–10–30(b)(7), a jury may impose the death penalty if it finds that the defendant's crime was "outrageously or wantonly vile, horrible, or inhuman in that it involved torture,

on a finding that the defendant inflicted either psychological or physical torture upon his victim." *Id.* at 987. The facts of this case amply support a finding of psychological torture. Therefore, we conclude that the heinous factor was properly applied in this case.

## CONCLUSION

Finding no merit in any of Francois' contentions, we hold that the district court properly denied Francois' petition for habeas relief.

AFFIRMED.

depravity of mind, or an aggravated battery to the victim."