**Marvin FRANCOIS, Petitioner,**

v.

**Louie WAINWRIGHT, Respondent.**

**No. 85–1918–CIV–PAINE.**

United States District Court,
S.D. Florida.

May 25, 1985.

Alton G. Pitts of Pitts, Eubanks, Hannah, Hilyard and Marsee, P.A., Orlando, Fla., for petitioner, Marvin Francois.

Calvin Fox, Asst. Atty. Gen., Miami, Fla., for the State of Fla.

## ORDER DETERMINING PETITION FOR WRIT OF HABEAS CORPUS

PAINE, District Judge.

Before the Court is the second petition of Marvin Francois, a person in custody of the State of Florida, for a writ of habeas corpus authorized by 28 U.S.C. § 2254. Also before the Court are several motions ancillary to the petition for writ of habeas corpus. This order determines each of the pending applications for relief.

The procedural history of this case has been described in this Court's order dated October 13, 1983, and in the decision of the Court of Appeals dated August 31, 1984, up to the latest of those two dates.

It will not be repeated here. No petition for rehearing nor for certiorari followed the Court of Appeals decision. Therefore, on April 23, 1985, the Governor of Florida signed a death warrant ordering that Francois be executed between May 22, 1985, and May 29, 1985. His execution has been scheduled for 7:00 AM May 28, 1985. On May 21, 1985, Francois filed in the Florida Supreme Court a petition for writ of habeas corpus. On May 22, 1985, Francois filed a second motion for post-conviction relief in the Circuit Court for the Eleventh Circuit in and for Dade County, Florida. Both these requests for relief have been denied.

The bases for habeas corpus relief are briefly summarized as follows:

Claim I (Claim III in State Court)

Francois was denied an individualized sentencing determination in violation of the eighth and fourteenth amendments to the U.S. Constitution because (a) the trial attorney reasonably believed Florida law restricted him to presentation of statutory mitigation evidence, and (b) the trial judge restricted himself to consideration of the statutory mitigation circumstances.

Claim II (Claim I in State Court)

The trial court's instruction on first degree murder did not adequately guide

the jury in its determinations of guilt and the verdict contains an insufficient finding of intent to support a sentence of death under the eighth and fourteenth amendments to the U.S. Constitution.

Claim III (Claim II in State Court)

Insufficiency of evidence to show that defendant killed, attempted to kill or intended that a killing take place to support a death sentence under the eighth and fourteenth amendments to the U.S. Constitution.

Claim IV (Claim IV in State Court)

The State's closing arguments injected fundamental error because of prosecutorial misconduct in violation of the eighth and fourteenth amendments to the U.S. Constitution.

In response to each of these claims the state asserts that the second petition should be dismissed even if new grounds are shown, unless defendant can show why these claims were not earlier presented. 28 U.S.C. § 2254 Rule 9(b). This assertion is not supported by the record as to claims I, II and III. As will be hereinafter held, this abuse of writ response is determinative of claim IV.

As to claim I, whether Francois was denied individualized sentencing determination because his trial attorney reasonably believed until shortly before sentencing that he was precluded from presenting non-statutory mitigating evidence and because the trial judge restricted himself to consideration of statutory mitigating circumstances, the Court finds that such evidence was actually presented and that further development or enhancement of the same cannot reasonably be expected to have shown a significantly different factual picture. This conclusion was reached by the Court of Appeals in *Francois v. Wainwright* 741 F.2d 1275 (11th Cir.1984) in its evaluation of the claim of ineffectiveness of trial counsel. In its discussion of whether prejudice resulted to Francois as a result of allegedly unpresented mitigating evidence the Court said:

"And we agree with the district court that the unpresented mitigating evidence, which relates to Francois' education, work history, and family life, would have no effect on the sentencing proceedings." *Id.* at 1285.

Also, the sentencing jury in Francois' case was provided with an instruction consistent with the subsequent evaluation of the law regarding mitigating factors in that the jury was told:

"The aggravating circumstances which you may consider are limited to those upon which I just instructed you. However, there is no such limitation upon the mitigating factors which you may consider." (TR 1262)

There is no necessity in this case to decide whether Francois was prejudiced at the sentencing phase of his proceedings because mitigating factors beyond those specifically listed in the Florida statutes were introduced and because the jury was instructed properly on the point. It is inconceivable that the *en banc* re-consideration of *Hitchcock v. Wainwright* 745 F.2d 1332 (11th Cir.1984) will alter the result of the facts and procedures which the record of the instant case reveal.

■ Francois takes the position that because the instant case is in a procedural posture almost identical to that of Carl Ray Songer and because Songer's execution has been stayed pending the *en banc* decision in *Hitchcock, supra* that Francois' execution should be similarly stayed. However, in *Songer* non-statutory mitigating factors were not presented. Here, indeed, such factors were presented. The assertion that they were not fully developed or enhanced does not give rise to a conclusion of constitutional violation.

### The Enmund/Ross Claims

Petitioner argues in claims II and III, that the jury instructions and the verdict rendered were insufficient on the issue of intent and that there was insufficient evidence of intent to kill to support imposition of the death penalty. The claims were addressed as one by counsel during the course of the May 25, 1985 hearing before

this Court. For that reason they will be dealt with together in this order.

■ Initially the Court notes its rejection of the State's abuse of writ argument directed towards the *Enmund/Ross* claims. There is arguable merit to the position that failure to raise an *Enmund* claim in the initial 2254 petition was inexcusable neglect. However, the fact that *Tafero v. State,* 459 So.2d 1034, 1035 (Fla.1984) firmly established that an *Enmund* claim was cognizable in post conviction proceedings lends arguable credence to the claim of excusable neglect. In light of the conflicting arguments which raise substantial issues as to the asserted abuse of writ the Court is compelled to resolve the conflict in favor of Petitioner and will proceed to discuss the merits of the *Enmund/Ross* claims.

■ The Court in *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) held that

in the absence of *proof* that Enmund killed or attempted to kill, and regardless of whether Enmund intended or contemplated that life would be taken, we reverse the judgment upholding the death penalty....

*Id.* at 801, 102 S.Ct. at 3379. (Emphasis added). In *Enmund* the evidence *at most* supported an inference that Enmund had been the driver of a get-away car located some 200 yards from the scene of the murders. *Id.* at 784, 102 S.Ct. at 3369. In this case however the evidence, at most, supported a finding that Francois was the perpetrator of at least five out of six cold-blooded murders. As such the facts in the instant case do not even remotely resemble those in the *Enmund* case. Clearly the Supreme Court's mandate that the "circumstances" in *Enmund* were inconsistent with imposition of the death penalty do not apply to the instant case. *Id.* at 788, 102 S.Ct. at 3371.

Rather, this case is akin to that of *Ross v. Kemp,* 756 F.2d 1483 (11th Cir.1985). This Court need not go into a detailed recitation of the facts supporting the jury's determination of guilt as to the charges of first degree murder. Those facts have been exhaustively set forth time and again in the opinions of other courts considering Francois' claims. *Francois v. Wainwright,* 741 F.2d 1275, 1277–78 (11th Cir. 1984); *Francois v. State,* 423 So.2d 357 (Fla.1982); *Francois v. State,* 407 So.2d 885 (Fla.1981).

■ This Court further notes that the *Ross* decision, which is controlling on this Court, directs that the Court may make the *Enmund* intent finding on its review of the record. *Ross,* 756 F.2d at 1488. Despite the fact that the issue of whether the jury must make the finding of intent for the sentencing phase is pending before the United States Supreme Court on certiorari, *Cabana, Supt. v. Bullock,* — U.S. —, 105 S.Ct. 2110, 85 L.Ed.2d 476 (1985), this Court will refuse Petitioner's request of a stay of execution pending the Supreme Court's decision in *Cabana.* While *Autry v. Estelle,* — U.S. —, 104 S.Ct. 24, 78 L.Ed.2d 7 (1983) evidences Justice White's preference of a stay, such action is not mandated by his review sitting as a Circuit Justice and will not be taken in this instance.

### CLAIMS BASED ON PROSECUTOR'S STATEMENTS

Petitioner's fourth claim is based upon alleged unconstitutional arguments made to the jury during both the guilt and sentencing phases of the proceedings below. The conviction *itself* is not challenged on this ground, but rather that the statements in toto "created an intolerable risk that the jury based its later sentencing and recommendation on the extraneous, inflamatory, and unreliable matters 'injected' through argument."

■ The State responds that the assertion of this argument at the eleventh hour constitutes a blatant abuse of writ and therefore the State urges the Court to summarily reject this argument. It is axiomatic that if a habeas petitioner foregoes opportunities to present cognizable claims in initial petitions, assertion of those claims in

successive petitions shall be barred unless the failure to assert those claims at an earlier proceeding was the result of excusable neglect. *Johnston v. Estelle*, 548 F.2d 1238, 1240 (5th Cir.1977).

■ Petitioner counters with the assertion that because the Eleventh Circuit's decision in *Hance v. Zant*, 696 F.2d 940 (11th Cir.1983) was not rendered until after the first petition for writ of habeas corpus was presented to this Court, such failure was the result of excusable neglect. In *Zant* it was recognized that in the State of Georgia "it is most important that the sentencing phase of the trial not be influenced by passion, prejudice, or any other arbitrary factor." *Id.* at 951.

Although it may be said that a case utilizing language which precisely deals with prosecutors' comments during the sentencing phase was unavailable at the time Judge Aronovitz considered the initial petition, there was certainly ample authority upon which to make the argument. *See, Donnelly v. De Christoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Cobb v. Wainwright*, 609 F.2d 754, 756 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980). Consequently this Court finds the assertion of this claim to be abuse of the writ as the failure to raise the claim based on the prosecutors' comments is a result of inexcusable neglect.

In the alternative the Court notes by way of dicta, the applicability of the rule of procedural default based on the applicability of the contemporaneous objection rule in Florida. *See, Wainwright v. Sykes*, 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594 (1977).

In this case it appears at least arguable that the Florida Supreme Court reached the merits of Petitioner's claim as to prosecutorial comments *as well as* ruling on the question of procedural default. *See*, Exhibit B to State's Response; Opinion of Florida's Supreme Court in *Francois v. State*, 470 So.2d 687, 689 (1985).

■ In *Dobbert v. Strickland*, 718 F.2d 1518, 1524 (11th Cir.1983) the Court stated "[w]e have held, however, that where a state court clearly and correctly applies a procedural default rule, *Sykes* requires the federal court to abide by the state court's decision even though the state court discusses the *merits as an alternate ground for rejecting a claim." Id.* (emphasis added). In *Dobbert* the state court addressed the merits first in rejecting the claim, then found that "furthermore" petitioner therein had waived the right to present the claim because of a procedural default. *Id.* at 1525. In this instance, however, the Florida Supreme Court announced its rejection of the Petitioner's claim because of procedural default and then went on to state that "[m]oreover, the comments in question were within the bounds of permissibility under the circumstances of the case." This treatment by the Florida Supreme Court leaves no doubt that a clear finding of procedural default was made, mandating recognition by the dictates of *Sykes*.

Moreover, this Court notes its agreement with the Supreme Court's finding that the comments made in this instance do not rise to the level of constitutional error to warrant remand for re-sentencing. *See, Donnelly v. De Christoforo, supra* and *Cobb v. Wainwright, supra.*

Having considered the petition for writ of habeas corpus as well as the ancillary motions now pending, memoranda and oral argument, it is

ORDERED AND ADJUDGED THAT

1. The motion of petitioner to proceed in forma pauperis is granted.

2. The motions of petitioner and respondent to exceed the page limit are granted.

3. The motion of respondent to transfer the proceedings to the docket of Hon. Sidney A. Aronovitz is denied.

4. The motion of the petitioner for an evidentiary hearing on the question of whether the second petition for writ of habeas corpus constitutes an abuse of the writ is denied.

5. The petition for writ of habeas corpus, for reasons stated herein, is denied and this action is dismissed.

6. The motion of petitioner for a stay of execution is denied.