No. A–903.  FRANCOIS *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.  Application for stay of execution of sentence of death scheduled for Wednesday, May 29, 1985, presented to JUSTICE POWELL, and by him referred to the Court, denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), I would grant Francois' application for a stay of execution.

Even if I believed otherwise, however, I would grant the application.  The Court's decision to send Francois to his death tomorrow morning is particularly disturbing because we have granted a writ of certiorari in a case raising the identical legal claim. *Cabana* v. *Bullock,* No. 84–1236, cert. granted, *ante,* p. 1052, poses the question whether a capital sentence may be carried out despite the fact that the sentencing jury was instructed on an imputed intent felony-murder theory of the type condemned in *Enmund* v. *Florida,* 458 U. S. 782 (1982).[1]  Francois was sen-

---

[1] In *Enmund* we concluded that "the Eighth Amendment [does not] permi[t] imposition of the death penalty on one . . . who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed."  458 U. S., at 797.

tenced to death based on his role in six murders committed in the course of a robbery. Four persons were arrested for the crime; two were triggermen, one accompanied the triggermen into the house, and the fourth stayed in a car outside. Francois claims that he argued at his trial, and has argued consistently since trial, that he was *not* the triggerman and did not realize that lethal force was likely to be used by his companions. In the rush to execution, we have not yet received the record in this case, and must assume that Francois accurately describes his defense.

It is undisputed that Francois' jury was instructed that "[a]ny person who knowingly aids [or] abets . . . the commission of [a felony] . . . is equally guilty of the crime of first degree murder with the one who actually performs the act," and that a killing in the course of a felony "is murder in the first degree *even though there is no premeditated design or intent to kill.*" Application for Stay 27 (emphasis added). Thus, even if the jury had believed Francois' defense that he did not specifically intend to kill, they could have returned their death sentence against him under these instructions, which concededly were faulty under *Enmund.*

The jury instructions used in *Cabana* v. *Bullock, supra,* are indistinguishable. The jury there was told that capital murder included any killing "when done with *or without any design to effect death,* by any person engaged in the commission of the crime of . . . robbery." *Bullock* v. *Lucas,* 743 F. 2d 244, 247 (CA5 1984) (emphasis added). Applying *Enmund, supra,* the Fifth Circuit concluded that although there had been some evidence introduced at trial that Bullock had intended the killing at issue, "the penalty of death may not stand in light of the jury instruction which would permit the imposition of the death penalty merely because Bullock participated in the robbery" without any intent to kill. 743 F. 2d, at 248. See *Stromberg* v. *California,* 283 U. S. 359 (1931); cf. *Francis* v. *Franklin, ante,* at 322–325; *Sandstrom* v. *Montana,* 442 U. S. 510, 526 (1979).

Until we have decided *Cabana* v. *Bullock, supra,* there can be no doubt that a death sentence imposed for a conviction based on such instructions is of doubtful validity, unless facts that would justify a finding of intent to kill under *Enmund* are undisputed. The Eleventh Circuit denied Francois' claim on this issue only today. We have no record before us on which to evaluate Francois' claim, nor has he ever had an opportunity fully to present his

claims to this Court.[2] The Eleventh Circuit has squarely and consistently rejected the Fifth Circuit's approach, see, *e. g.*, *Ross* v. *Kemp*, 756 F. 2d 1483, 1487–1488 (CA5 1985) (en banc), thereby creating a clear split of authority on the question presented. Accordingly, I would vote to stay Francois' execution until *Cabana* v. *Bullock* is decided, or, at the very least, until we can consider Francois' claim with the record of his trial before us.

I dissent.

---

[2] Francois' first state and federal habeas corpus petitions were filed in November 1982. After the Eleventh Circuit denied Francois relief on his first habeas petition, *Francois* v. *Wainwright*, 741 F. 2d 1275 (1984), his appellate counsel abandoned him and no petition for certiorari was filed. Because Florida did not recognize *Enmund* claims as cognizable on collateral review until 1984, the District Court rejected the State's claim that Francois' presentation of his intent claim in a second petition for habeas corpus constituted an abuse of the writ. *Francois* v. *Wainwright*, No. 85–1918, pp. 4–5 (SD Fla. May 23, 1985).