AUTRY *v.* ESTELLE, DIRECTOR, TEXAS
DEPARTMENT OF CORRECTIONS

No. A–242.   Decided October 5, 1983

JUSTICE WHITE, Circuit Justice.

Applicant is under a sentence of death imposed by the courts of Texas.   His execution is scheduled to be carried out after midnight of October 4, c. d. t.   He has once unsuccessfully sought a writ of habeas corpus from the United States District Court; denial of the writ was affirmed by the Court of Appeals for the Fifth Circuit, 706 F. 2d 1394 (1983), and on October 3, 1983, we denied a stay pending the filing of a petition for certiorari.   *Ante,* p. 1.   Applicant then filed a second petition for habeas corpus, raising grounds not presented in his first petition and hence not before us when we so recently denied a stay of execution.   After a hearing, the Dis-

1301

trict Court denied both the writ and a certificate of probable cause, which, under 28 U. S. C. § 2253, is a prerequisite to an appeal. The Court of Appeals then held a hearing, denied the certificate of probable cause, and denied the stay. Applicant has now applied to me for a stay.

One of the three grounds on which applicant sought relief in his second habeas corpus petition is the failure of the Texas Court of Criminal Appeals to compare his case with other cases in order to determine whether his death sentence is disproportionate to the punishment imposed on others. That ground as I have said was not presented in his first petition. Although it appears that no such review was in fact carried out in this case, the Court of Appeals held that the Texas death-penalty system, as a whole, satisfies any constitutional requirement with respect to proportionality.

I am compelled to issue a certificate of probable cause to appeal, as I am authorized to do under § 2253, and to enter a stay pending the final disposition of the appeal by the Court of Appeals. On March 21, we granted certiorari in No. 82–1095, *Pulley* v. *Harris.* 460 U. S. 1036. In that case, the Court of Appeals for the Ninth Circuit held that a death sentence cannot be carried out by the State of California until and unless the State Supreme Court conducts a comparative proportionality review, which, the court held, was constitutionally required. 692 F. 2d 1189 (1982). We shall hear argument in that case in November, and if we affirm the Court of Appeals for the Ninth Circuit, there will be a substantial question whether the views of the Court of Appeals for the Fifth Circuit with respect to the proportionality issue were correct. Of course I do not know how the Court will rule on this question, but in view of the judgment of the Court of Appeals for the Ninth Circuit and in view of our decision to give the case plenary consideration, I cannot say that the issue lacks substance. Accordingly, I hereby issue a certificate of probable cause and stay petitioner's execution pending the final disposition of the appeal by the Court of Appeals, or until the Court's or my further order.

In my view, it would be desirable to require by statute that all federal grounds for challenging a conviction or a sentence be presented in the first petition for habeas corpus. Except in unusual circumstances, successive writs would be summarily denied. But historically, res judicata has been inapplicable to habeas corpus proceedings, *Sanders* v. *United States*, 373 U. S. 1, 7–8 (1963), and 28 U. S. C. § 2244(a) and 28 U. S. C. § 2254 Rule 9 implicitly recognize the legitimacy of successive petitions raising grounds that have not previously been presented and adjudicated.