**James David AUTRY,**
**Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 83–2597.**

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1983.

Stefan Presser, Greater Houston American Civil Liberties Union, E. Larry Cantu, Houston, Tex., for petitioner-appellant.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

■ On October 4, 1983, 719 F.2d 1247, we denied Autry's application for a certificate of probable cause and stay of execution. Justice White in turn issued a

certificate of probable cause and granted a stay of execution based on the Court's grant of certiorari in *Harris v. Pulley,* 692 F.2d 1189 (9th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983). The entire Court has since declined to set aside Justice White's decision.

In his petition to the United States District Court and to us Autry raised three grounds not earlier presented to the federal courts:

1. Petitioner's Sixth Amendment right to effective assistance of counsel was violated by the failure of Petitioner's attorney to present any evidence in mitigation of punishment at the punishment proceeding;

2. The Texas death penalty procedures violate the Eighth Amendment in that they preclude the jury's consideration of issues and evidence pertinent to the mitigation of Petitioner's punishment;

3. The Texas Court of Criminal Appeals failed to conduct proportionality review of Petitioner's sentence to insure that the sentence is not disproportionate to sentences imposed in similar cases thereby violating Petitioner's Eighth Amendment rights.

We must now determine the question of whether and, if so, how we proceed to full appellate review of these contentions. In charting our course we are aided by two practical consequences of the decision of the Supreme Court. First, we must await the Court's decision regarding proportionality review as presented in *Pulley v. Harris.* We have expressed our views regarding proportionality and are persuaded that further argument and briefing on proportionality would not be of assistance. Second, the adequacy of the hearing given Autry by the United States District Court was sustained in the context of Autry's last minute subsequent writ assertion of inadequate counsel. Specifically, we were not persuaded that petitioner's new counsel were unaware that the hearing before Judge Parker anticipated the presentation of evidence. Among other circumstances we observed that new counsel's claim was belied by the dates on which Autry's new counsel had obtained affidavits supporting his claim of ineffective counsel as well as new counsel's knowledge that former counsel had been subpoenaed to testify. We remain convinced that the hearing before Judge Parker was adequately noticed and conducted in the context of Autry's choosing to delay presenting his successive writ petition and the other circumstances of this case. As the Supreme Court counseled in *Barefoot v. Estelle,* —— U.S. ——, ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090, 1104 (1983), the state's interest in the faithful execution of its judgment informs the nature of such a hearing.

But the procedural posture of the case today is different as is the balance of the interest of Autry and the state. There is no imminent execution date and the decision in *Pulley v. Harris* will not, in all likelihood, be handed down before early 1984. On our own motion and to afford a death sentenced prisoner every opportunity, consistent with the interests of the state, to present his constitutional claims, we remand this case to the district court for a full and complete evidentiary hearing. That hearing should develop all relevant facts surrounding petitioner's present claims. It is proper for the district court to insist that Autry present at the pain of waiver any other claim known to him. If any new claims are presented which have not been exhausted by presentation to the Texas courts, the district court must dismiss the petition for want of exhaustion unless the state explicitly chooses to waive such exhaustion. *Felder v. Estelle,* 693 F.2d 549 (5th Cir.1982).

REMANDED.