Stephen Albert McCOY, Petitioner,

v.

James A. LYNAUGH, Director, Texas Department of Corrections, Respondent.

Civ. A. No. H–89–912.

United States District Court,
S.D. Texas,
Houston Division.

May 19, 1989.

Bill White, Staff Counsel for Inmates Texas Dept. of Corrections, Huntsville, Tex., Karen Sue Zellars, Houston, Tex., for petitioner.

Bob Walt, Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

HITTNER, District Judge.

### 1. STATEMENT

Stephen Albert McCoy is sentenced to die by lethal injection before sunrise on May 24, 1989. He has applied for a writ of habeas corpus and has moved to stay his execution. In addition to the pleadings and exhibits filed in this Court, the Court has had before it for consideration prior to the issuance of this Memorandum and Order the 18–volume transcript of the entire state court proceedings, the findings of fact and conclusions of law of the state court in the initial habeas corpus proceeding and with respect to the supplemental application for habeas corpus relief.

### 2. BACKGROUND

On April 19, 1983, McCoy was indicted for the offense of capital murder of Cynthia Darlene Johnson while in the course of committing and attempting to commit the offense of aggravated rape.

Petitioner's tape-recorded confession revealed that he and two other men, LeBlanc and Paster, had observed Ms. Johnson in her damaged car on the side of the freeway and persuaded her to enter their vehicle. Subsequently, they drove the victim, who had suffered a head injury in the car accident, to a warehouse, where she was held at gunpoint and forced to perform various sexual acts with each of the men. Subsequently, McCoy held the victim's feet and LeBlanc held her hands, while Paster strangled her to death with a wire. Paster then used a hammer to drive a nail into the decedent's nostril. The men then placed Ms. Johnson's body in the trunk of their

car and, before discarding the body, proceeded to pick up their female companions.

On July 26 and 27, 1984, McCoy was convicted and sentenced to death. Both guilt and penalty phases were tried to a jury. On June 18, 1986, the Texas Court of Criminal Appeals affirmed the conviction. *McCoy v. State*, 713 S.W.2d 940 (Tex.Crim. App.1986) (en banc). On March 3, 1987, the United States Supreme Court denied certiorari. *McCoy v. Texas*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). McCoy's execution was scheduled for June 25, 1987. Subsequently, McCoy filed a *pro se* petition for a stay in this court. On June 19, 1987, this Court granted Petitioner's application for a stay and subsequently appointed Karen Zellars to represent Petitioner.[1] The Court ordered McCoy to file an amended petition within thirty days, and later granted him a sixty-day extension. On October 29, this Court granted Petitioner's motion to dismiss without prejudice to allow him to exhaust his claims in state court. *McCoy v. Lynaugh*, No. H–87–1904 (S.D.Tex. Oct. 29, 1987).

On February 20, 1989, the 177th District Court issued factual findings and legal conclusions and recommended denial of McCoy's petition for habeas corpus relief, and scheduled McCoy's execution for March 29, 1989. The Texas Court of Criminal Appeals denied the application for habeas corpus relief. *Ex parte McCoy*, No. 18092–01 (Tex.Crim.App. March 7, 1989).

On March 23, 1989, Petitioner filed a second application for writ of habeas corpus with the state trial court alleging the existence of grounds to question petitioner's competency to be executed. Concurrently, McCoy filed a second habeas petition and a request for stay of execution in this Court. The state court entered an order recalling the previous death warrant for March 29, 1989, and reset McCoy's execution for May 24, 1989. The court also ordered psychiatric examinations of the Petitioner. Based on the trial court's actions,

this Court dismissed McCoy's petition without prejudice.

On April 19, 1989, Petitioner filed a supplemental habeas application to allege new grounds for relief. On April 27, 1989, the trial court found petitioner to be competent to be executed, and recommended denial of relief on the newly asserted grounds. The Texas Court of Criminal Appeals adopted the trial court's findings and denied Petitioner relief on May 9, 1989. *Ex parte McCoy*, No. 18,092–03 (Tex.Crim.App. May 9, 1989).

On May 10, 1989, McCoy requested that this Court reinstate his second petition and further requested a stay of execution. In open court on Tuesday, May 16, 1989, the attorneys for the State and the Petitioner with approval of this Court agreed to have Petitioner's petition and application for stay reinstated in this Court and considered in conjunction with Petitioner's supplemental petition.

### 3. ANALYSIS

#### I. Procedural Default

■ Petitioner raises, *inter alia,* the following grounds for relief in his petition for a writ of habeas corpus:

(1) that the trial court improperly granted the State's challenges for cause to venire members Weaver, Foley, and Finney (Ground for Relief 1);

(2) that the State's use of an altered tape recording of Petitioner's confessions denied him due process of law (Ground for Relief 9);

(3) that the Texas capital sentencing statute, Article 37.071 of the Texas Code of Criminal Procedure is unconstitutional in that it prohibits the informing of the jury that a sole juror's negative answer to either of the special issues will preclude the imposition of the death penalty (Supplemental Petition, Ground for Relief 12); and

---

1. Petitioner was represented at trial by court-appointed attorneys Mark Vela and Robert A. Rodriguez. James Stafford represented McCoy on direct appeal. He was represented on certiorari review by Texas Department of Corrections Staff Counsel for Inmates.

(4) that the Texas Death Penalty Statute is unconstitutional in that it can be construed as precluding the consideration of some mitigating evidence (Supplemental Petition, Ground for Relief 13).

Under the doctrine of procedural default, a federal court conducting a habeas review is barred from considering any issues not preserved for review at the trial level, unless the petitioner can show "cause" for his failure to comply with state procedures and the existence of "prejudice." *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

On direct appeal, the Texas Court of Criminal Appeals found that because Petitioner had failed to object at the trial level to the exclusion of venire persons Finney, Foley, and Weaver, such objections were not preserved for appellate review. *McCoy v. State,* 713 S.W.2d at 953.[2]

The state habeas court refused to consider the merits of the remaining three issues set forth above, stating "clearly and expressly" that Petitioner's failure to object to the three issues at trial procedurally barred him from raising them in the state habeas proceeding. *Ex parte McCoy,* No. 377288–A (Dist.Ct. of Harris County, 177th Judicial Dist. of Texas, Feb. 20, 1989) (Conclusion of Law 13); *Ex parte McCoy,* No. 377288–B (Dist.Ct. of Harris County, 177th Judicial Dist. of Texas, April 27, 1989) (Conclusions of Law 4 and 5); *see Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1044–45, 103 L.Ed.2d 308 (1989) (requiring express finding that relief denied on grounds of procedural bar). The Texas Court of Criminal Appeals subsequently adopted the habeas court's findings, holding that the "findings and conclusions entered by the trial court are supported by the record."

The doctrine of procedural default bars this Court from considering Petitioner's foregoing allegations. The issues were not preserved by objections at the trial level and petitioner has failed to show the requisite cause for, or prejudice resulting from the procedural defaults.

## II. Exclusion of Venire Person Tucker

■ In ground two of his petition, McCoy alleges that the trial court improperly granted the state's challenge for cause to venire person Tucker, in violation of Petitioner's rights under the fourteenth amendment.

Texas Law provides that either the state or defense counsel may challenge for cause a juror who has a bias or prejudice in favor of or against the defendant. Tex.Code Crim.Proc.Ann. art. 35.16(a)(9) (Vernon 1989). The state habeas court found Tucker had been properly excluded under state law because "she was particularly biased against rapists," *Ex parte McCoy,* No. 377288–A (Finding of Fact 27, Conclusion of Law 6). The trial court's exclusion of jurors for cause is a question of fact, *Wainwright v. Witt,* 469 U.S. 412, 427–29, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985), and must therefore be presumed correct. 28 U.S.C. § 2254(d) (1982).

Beyond the constraints of *Witt* and section 2254(d), this Court finds that the record also clearly supports the trial court's finding, as illustrated by the following exchange between defense attorney Vela and Ms. Tucker during voir dire:

Q. [Mr. Vela].... The question is, can you do these things? Can you follow the law?

A. [Ms. Tucker] This is going to be a capital murder case. This is not going to be a rape case, right?

**2.** To avoid possible confusion, the Court notes that when the state habeas court later considered the exclusion of these three venire persons, it considered the issue in the context of petitioner's claim of ineffective assistance of counsel for counsel's failure to object to the exclusion. The state habeas court thus never conducted a review of the merits of a direct challenge to the exclusion of these jurors. Therefore, the last state court to consider a direct challenge to juror exclusion was the Texas Court of Criminal Appeals which found procedural bar on direct appeal. *See Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 ("federal claimant's procedural default precludes federal habeas review ... only if the last state court rendering a judgment in the case rests its judgment on the procedural bar") (1989).

Q. Well, the allegations are during the commission of an aggravated rape or attempting to commit aggravated rape a death resulted. Mr. McCoy is charged with this particular offense. That's the type of case we have here before you, and we can't give you any of the facts in this case.

A. Well, in that case I would find it very difficult.

Q. I can understand it being difficult, but that's not the question. Could you put that aside and even though—

A. I don't think I could.

Q. Even though it's difficult?

A. No.

(Statement of Facts, Volume III, Voir Dire p. 330.)

Accordingly, given the above, there is no basis for Petitioner's claim that the exclusion of Ms. Tucker contravened the standard set forth in *Witt* [3] for exclusion of a juror based upon bias against the death penalty. This Court finds, instead, that Ms. Tucker was properly excluded under state law. Her voir dire testimony revealed her strong feelings against rapists which, in turn, might have compelled her to hold the State to a lesser burden of proof than is required by law. Petitioner's claim here is meritless.

### III. Competency

Ground three of Petitioner's application asserts that McCoy was not legally competent to stand trial at the time of trial.

The Supreme Court has held that due process prohibits the conviction of an accused who lacks mental competency to stand trial. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966) (citing *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956)). A defendant is deemed competent

if he had sufficient ability at the time of trial to consult with his attorney with a reasonable degree of understanding and possesses both a rational and a factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam).

The Court finds no evidence that McCoy was incompetent at trial time or during trial. In reviewing McCoy's petition, the state habeas court found that following a suicide attempt before trial, the trial court, upon defense motion, had ordered a competency evaluation of McCoy. *Ex parte McCoy*, No. 377288-A (Findings of Fact 16-20). Dr. Jerome Brown, a clinical psychologist interviewed and evaluated McCoy and found him to be competent to stand trial (Finding of Fact 21). Additionally, defense counsel had knowledge of McCoy's suicide attempt and the medication subsequently administered to him and still perceived him to be competent (Findings of Fact 20-23). There is thus no evidence to support a finding that applicant was incompetent to stand trial. Accordingly, this Court deems Petitioner's allegation meritless.

### IV. Improper Use of Hypotheticals During Voir Dire

In ground four, Petitioner asserts that the State used improper hypotheticals in voir dire to distinguish between the terms "intentional" and "deliberate," thus violating Petitioner's right to due process.

Assuming, arguendo, that the use of an improper hypothetical constitutes a violation of constitutional magnitude, a habeas petitioner is still not entitled to relief based on mere conclusory allegations. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir.1982) (citation omitted), *cert. denied,*

---

3. Under *Witt*, the proper standard for determining when a venire member may be excluded for cause based on his views regarding capital punishment is whether the juror's views would "'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *Witt*, 469 U.S. at 424, 105 S.Ct. at 852 (quoting *Adams v. Texas,*

448 U.S. 38, 45, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980)).

Although it is unnecessary for this Court to ascertain whether Tucker was properly excluded under *Witt*, the Court nonetheless concludes that Tucker's views would have substantially impaired her duty to follow the Court's instructions. *Witt*, 469 U.S. at 420, 105 S.Ct. at 850.

461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983). Petitioner has failed to support his claim with sufficient evidence. Instead, Petitioner has directed this Court to only one example of the use of an allegedly improper hypothetical by the prosecution during voir dire (*see* Transcript, Volume IV, pp. 301–318). The Court finds no evidence of impropriety in the hypothetical to which Petitioner objects. Thus, ground for relief four is without merit.

### V. Ineffective Assistance of Trial Counsel

Petitioner asserts, in grounds five and eleven that certain alleged errors of counsel resulted in a denial of his right to effective assistance of counsel.

To establish a claim of ineffective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must show that counsel's performance was deficient and that the deficient performance actually prejudiced his defense such that he was deprived of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. Additionally, the reviewing court should strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *Id.* at 690, 104 S.Ct. at 2066. If Petitioner fails to prove either prong of *Strickland,* he is not entitled to any relief. *Id.* at 687, 104 S.Ct. at 2064. To establish the existence of prejudice, Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Thus, guided by *Strickland,* this Court will review the alleged instances of ineffective assistance of counsel.

(a) *Failure of counsel to object to the exclusion of prospective jurors Tucker, Weaver, Foley, and Finney.*

This Court finds that Petitioner has not demonstrated that trial counsel's failure to object to such exclusion constitutes anything other than a reasoned tactical choice based on counsel's assessment that any such objection would be meritless.

Likewise, Petitioner has also failed to plead or prove the requisite constitutional prejudice under *Strickland*. Accordingly, relief on this claim is denied.

(b) *Failure to object to the State's use of improper hypotheticals during voir dire.*

As stated previously, this Court finds no evidence that any "improper hypotheticals" were advanced by the State in voir dire. Accordingly, the Court concludes that Petitioner's claim for ineffective assistance due to counsel's failure to object to such hypotheticals is meritless.

(c) *Failure to raise the issue of Petitioner's competency to stand trial.*

Again, as previously stated, there is no evidence to demonstrate that Petitioner was incompetent. Petitioner was the subject of a pretrial psychiatric evaluation, requested by his counsel, which found him competent to stand trial. Given the finding of competency, it is highly unlikely the trial court would have granted a motion for a competency hearing. Petitioner therefore cannot show that any prejudice resulted from counsel's failure to urge a motion which would doubtlessly have been denied. Accordingly, there was no error in trial counsel's omission to request a competency hearing.

(d) *Failure to adequately investigate mitigating evidence or to present such at trial.*

Petitioner asserts that counsel failed to adequately investigate his background or to present available mitigating evidence at trial. Specifically, Petitioner argues that the following represent instances of ineffective assistance of counsel: (1) counsel's omission of a reference to Petitioner's good military service record and (2) counsel's failure to call certain witnesses during the sentencing phase.

The Court finds that Petitioner's assertions are insufficient to show ineffective assistance of counsel under *Strickland v. Washington.* Petitioner's assertions do not satisfy either prong of *Strickland.*

First, there is no indication that counsel's performance was deficient. Although no mitigating evidence was presented by defense counsel at the punishment phase, *Ex parte McCoy*, No. 377288–A (Finding of Fact 44), failure to present mitigating evidence "if based on an informed and reasoned practical judgment, is well within the range of practical choices not to be second-guessed." *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985) (citations omitted).

The state habeas court in reviewing Petitioner's claim found that:

(1) defense counsel subpoenaed and interviewed those persons on a list submitted to them by Petitioners (Warren Laurell, Judy Hailey, Virginia Hutchison and Patricia Webb);

(2) none of the persons had anything positive to say about Petitioner, instead most knew his reputation to be bad and one knew nothing about him; and

(3) defense counsel did not call these witnesses as a matter of trial strategy; they were concerned that to do so would "open the door" and enable the State to inquire into instances of prior or bad acts of applicant.

*Ex parte McCoy*, No. 377288–A (Findings of Fact 45–48). Based on the foregoing, this Court, too, finds that counsel's actions were a product of trial strategy and did not constitute deficient performance under *Strickland*.

Second, under *Strickland*, a petition cannot "simply allege but must 'affirmatively prove' prejudice." *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir.1984) (citation omitted), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3490, 87 L.Ed.2d 624 (1985). Petitioner, however, has not even made an attempt to show that the outcome of his trial would have been different had the omitted evidence been introduced. Even assuming arguendo deficient performance by counsel, Petitioner has not and cannot show that presentation of his military service record to the jury could have affected the outcome of his trial.

McCoy also cannot establish that had the jury heard the testimony of the four witnesses, it would have altered its decision. The Court finds that, even if some witnesses had testified to any positive qualities possessed by Petitioner, such testimony would not have affected the jury's deliberations in light of the aggravated circumstances of the crime. Thus Petitioner's claim of ineffective assistance of counsel for failure to present mitigating evidence is without merit.

(e) *Failure to properly request an instruction that the law of parties could not be applied at punishment (Supplemental Petition, Ground for Relief 11).*

█ Again, under *Strickland*, Petitioner's claim fails. Even assuming counsel should have requested an instruction against applying the law of the parties and that counsel should have properly preserved the issue for appellate review, Petitioner can show no prejudice resulting from counsel's failures to do so.

At the punishment phase of Petitioner's trial, the jury was asked to answer the following special issues:

(1) Was the conduct of the defendant, Stephen Albert McCoy, that caused the death of the deceased committed deliberately and with a reasonable expectation that the death of the deceased or another would result?

(2) Is there a probability that the defendant, Stephen Albert McCoy, will commit criminal acts of violence that will constitute a continuing threat to society?

(Statement of Facts, Volume XVII, Punishment Hearing, pp. 676–77.) In addition, during closing remarks, defense counsel informed the jury that they must look at the conduct of Petitioner in determining the answer to special issue number one. *Ex parte McCoy*, No. 377288–B (Finding of Fact 19).

The Court finds that inasmuch as the jury was already aware that it was to consider McCoy's conduct alone, the addition of a specific instruction to that effect would not have altered the result of the

jury's deliberations. Accordingly, Petitioner has not pleaded or proved any prejudice resulting from the omission of this instruction. Petitioner's claim of ineffective assistance of counsel due to failure to request the instruction fails under *Strickland*. Additionally, because no prejudice resulted from omission at the trial level, no prejudice was incurred by appellate counsel's failure to present the claim on direct appeal. *Ricalday v. Procunier,* 736 F.2d 203, 208 (5th Cir.1984).

## VI. Ineffective Assistance of Appellate Counsel

Petitioner's sixth ground for relief asserts that he was denied effective assistance of appellate counsel by counsel's failure to raise the following issues: (1) whether exclusion of venire person Tucker constituted error and (2) whether the trial court's failure to give certain instructions to the jury regarding mitigation also constituted error.

▆ To prevail on this claim, Petitioner must demonstrate that, but for appellate counsel's errors, the result of his appeal would have been different. *Lockhart v. McCotter,* 782 F.2d 1275, 1283 (5th Cir. 1986), *cert. denied,* 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987). Both the state habeas court and the Texas Court of Criminal Appeals reviewed the propriety of venire person Tucker's exclusion from the jury. Both courts found that such exclusion was justified by Tucker's bias against rapists and, as such, was not error. Petitioner has not shown this Court that a different finding would have been obtained had the issue been raised on direct appeal. Thus Petitioner incurred no prejudice from the appellate counsel's failure to argue this issue on direct appeal.

▆ Texas law does not require a court to instruct the jury on mitigating evidence at the punishment phase of trial. *Lackey v. State,* 638 S.W.2d 439, 455 (Tex.Crim. App.1982) ("not constitutionally mandated that the jury be specifically instructed about mitigating factors as long as they are able to consider them in deciding the ... [special] questions").

It was therefore not error under current Texas law for the Court to refuse the requested instructions. Because the Texas Court of Criminal Appeals has consistently rejected such claims, the outcome of McCoy's trial would not have changed even if appellate counsel had raised the issue. Thus Petitioner has shown no prejudice.

## VII. Constitutionality of Texas Capital Sentencing Scheme

In his seventh ground for relief, Petitioner asserts that the Texas Capital Sentencing Statute, Tex.Code Crim.Proc.Ann. art. 37.071 (Vernon Supp.1989) is unconstitutional because it fails to adequately guide the jury in the application of mitigating evidence.

▆ The state habeas court found that "[n]o mitigating evidence was presented by the defense at the punishment phase of Applicant's trial." *Ex parte McCoy,* No. 377288–A (Finding of Fact 44). This Court is therefore of the opinion that any instruction by the trial judge on "mitigating evidence" would have been without force or effect; there simply was no need for it. Accordingly, McCoy presents no basis for a challenge on this ground to the Texas Sentencing Statute.

Nevertheless, if in fact counsel's arguments to the jury concerning the recent genesis of McCoy's violent tendencies and his fear of Paster is considered "mitigating evidence," Petitioner fails to clearly set forth the grounds of his constitutional complaint. Petitioner is evidently not arguing that he was barred from presenting mitigating evidence or that the jury was instructed to disregard any such evidence presented.

▆ The Court therefore concludes that Petitioner's objections approximate the objections considered in *Franklin v. Lynaugh,* —— U.S. ——, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), and *Penry v. Lynaugh,* 832 F.2d 915 (5th Cir.1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988). Specifically, Petitioner appears to assert that the Texas sentencing scheme is unconstitutional in that (1) the jury is limited to considering mitigating evidence

relevant only to the special issues of "deliberateness" and propensity to future violence, and (2) the jury may not receive instructions to consider such evidence separately thus enabling it to reject the death penalty, despite having answered the special issues affirmatively. *See Franklin,* — U.S. at —, 108 S.Ct. at 2329; *Penry,* 832 F.2d at 924–25.

The current Fifth Circuit standard concerning jury consideration and application of mitigating evidence is derived from Justice O'Connor's concurring opinion in *Franklin. Kelly v. Lynaugh,* 862 F.2d 1126, 1132–33 (5th Cir.1988). Under *Kelly,* where a petitioner has introduced mitigating evidence concerning his background, his character or his moral culpability beyond the scope of the special issues, and the jury instructions are inadequate to provide the jury with a "vehicle for expressing its 'reasoned moral response' to that evidence," the Court must determine if the jury's inability to give effect to that evidence constitutes an eighth amendment violation. *Kelly,* 862 F.2d at 1132–33 (quoting *Franklin v. Lynaugh,* — U.S. at —, 108 S.Ct. at 2333 (O'Connor, J., concurring)).

Thus under this standard, if Petitioner proffered mitigating evidence concerning the foregoing specified matters beyond the special issues, the court would be compelled to determine if failure to instruct the jury resulted in a constitutional violation. Petitioner, however, has failed to show that any mitigating evidence presented at trial concerned matters unrelated to the special sentencing issues. Counsel's argument concerning Petitioner's purported fear of Paster is relevant to determination of the "deliberate action" special issue. Likewise, according to McCoy, the testimony of character witnesses such as Hailey or Webb concerning Petitioner's nonviolent conduct would have been probative of McCoy's future dangerousness. Accordingly, under *Kelly,* there was no constitutional violation inasmuch as the jury had an adequate "ve-

hicle" by which to assess any mitigating evidence.[4]

### VIII. Constitutionality of Texas Procedure for Postconviction Relief

In ground eight of his petition and by separate motion, Petitioner seeks an evidentiary hearing on his claims, asserting that the fact-finding procedures employed by the Texas state courts failed to comply with the requirements of due process of law. Specifically, McCoy contends that the state habeas court failed to even consider the affidavits submitted by Petitioner in making its findings and that the state court made findings on contested issues involving the credibility of witnesses without affording Petitioner an opportunity to examine those witnesses.

It is unclear whether the state habeas court did in fact consider the affidavits submitted by Petitioner. In its findings of fact, the court stated that "[a]pplicant has failed to allege not only who was present to testify but also what mitigating evidence their testimony would have supplied." *Ex parte McCoy,* No. 377288–A (Finding of Fact 49). The court's certification of the transcript omits any reference to affidavits submitted by Petitioner.

Additionally, although McCoy filed his state petition for habeas relief on January 27, 1988, he did not attempt to file his supporting affidavits until February 20, 1989. Significantly, appended to the front of each of the affidavits in the state habeas record is a form, dated February 21, 1989, noting that the affidavit should have been file marked on February 20, but was not, due to the fact that "it was overlooked." In view of the fact that the trial court issued its decision on February 20, 1989, it appears unlikely that it had the opportunity to review Petitioner's affidavits.

Notwithstanding the foregoing, this Court concludes that no evidentiary hearing is required. "[T]o receive a federal evidentiary hearing, a petitioner must al-

---

**4.** The Court notes that the pendency of a decision by the Supreme Court in *Penry,* reviewing the constitutionality of the Texas sentencing statute, does not authorize or compel this Court

to automatically grant a stay to Petitioner merely because his petition raises similar issues. *See Bell v. Lynaugh,* 858 F.2d 978, 984 (5th Cir.1988) (citations omitted).

lege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir.1987) (citing *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)), *cert. denied*, — U.S. ——, 108 S.Ct. 1059, 98 L.Ed.2d 1021 (1988). Petitioner, however, has failed to show that he is entitled to relief. This Court has reviewed the affidavits submitted by Petitioner for the purpose of showing ineffective assistance of trial counsel. The affiants (friends and family of Petitioner) assert that they were ready and willing at time of trial to testify to Petitioner's good qualities. This Court concludes, however, that the substance of these affidavits does not undermine the state habeas court's finding that defense counsel's decision not to call these witnesses during the sentencing phase was dictated by sound trial strategy. Additionally, this Court finds that even if trial counsel had presented such testimony, it would have had no effect on the jury's deliberations, given the aggravating circumstances of the crime. Petitioner has not shown he has suffered prejudice from the exclusion of this testimony. Accordingly, because Petitioner has alleged no facts entitling him to relief, this Court is not required to conduct an evidentiary hearing.

IX. Trial Court's Failure to Instruct the Jury on Inapplicability of the Law of the Parties in Answering the Special Issues

■ Petitioner asserts in ground ten that under Texas law an accused is entitled to an instruction that the law of parties may *not* be considered by the jury in assessing punishment or in answering the special issues in a capital case (citing *Nichols v. State*, 754 S.W.2d 185 (Tex.Crim.App. 1988)). Petitioner, however, is only half correct. An accused is entitled to such an instruction upon *request;* absent a request, there is no obligation upon the court to so charge. *Nichols*, 754 S.W.2d at 199.

It is unclear from the transcript whether in fact Mr. Vela did expressly request such an instruction on the law of the parties (*see* Transcript XVIII, 629–31). Nevertheless, it is unnecessary to make that determination inasmuch as the Court finds that Petitioner suffered no prejudice from the failure to so instruct the jury. The special issues, set forth *supra* at 248, focus sufficiently on the Defendant's sole culpability to indicate to the jury panel that it was to consider his conduct alone. *See Nichols*, 754 S.W.2d at 199. Thus, because Petitioner's own conduct was heinous enough to sustain the affirmative answers to the special issues, an omission of the "anti-parties" charge does not constitute prejudice.

4. DENIAL OF CERTIFICATE OF PROBABLE CAUSE AND STAY OF EXECUTION

■ Because this Court hereby denies relief on Petitioner's claims, it must determine whether to grant a stay of execution and issue a certificate of probable cause under Rule 22(b) of the Federal Rules of Appellate Procedure. To obtain a certificate of probable cause, a petitioner must "make a 'substantial showing of the denial of [a] federal right.'" *Rault v. Butler*, 826 F.2d 299, 302 (5th Cir.) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)), *cert. denied*, 483 U.S. 1042, 108 S.Ct. 14, 97 L.Ed.2d 803 (1987). In considering an application for a stay of execution, the Court must consider the following factors:

(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. Unit A June 1981) (per curiam) (Ruiz I). Additionally, "[i]n a capital case 'while the movant need not always show a probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities [*i.e.*, the other three factors] weighs heavily in the favor of granting the stay.'" *Selvage v.*

*Lynaugh,* 842 F.2d 89, 91 (5th Cir.1988) (citation omitted).

Petitioner has failed to show a substantial denial of a federal right. This Court has found his asserted grounds for relief to be without merit; there is thus no likelihood of success on the merits. An execution date has been scheduled creating a State interest in the timely execution of its judgment. *See Wilson v. Butler,* 825 F.2d 879, 883 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1059, 98 L.Ed.2d 1021 (1988). Finally, a stay of execution would not advance any public interest.

5. CONCLUSION

It is therefore ORDERED that Petitioner's application for a writ of habeas corpus be DENIED, that his request for a stay of execution also be DENIED, and that no certificate of probable cause shall issue.