**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30041
Summary Calendar
_____

TERRY TURNER,

Petitioner-Appellant,

versus

BURL CAIN,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-161

October 15, 1999

efore DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry Turner, Louisiana prisoner #114341, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We affirm.

Turner's brief discusses five of the six issues he raised in his petition to the district court, and an additional claim he first raised in his COA petition. But the district court granted COA on three issues. Turner has failed to request a COA from this court on the other issues. Only those three issues on which a COA has been granted are before the court. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997) (COA is granted issue-by-issue); *U.S. v. Kimler*, 150 F.3d 429, 431 (explicit request for COA must be made and granted on issues which district court did not grant COA before we will examine their merits).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Turner's three claims are 1) ineffective assistance of counsel, both at the trial and at the sentencing phase; 2) improper closing argument by prosecution; 3) improper sentencing. The improper closing argument and improper sentencing claims were addressed and rejected in Turner's direct appeal. *See State v. Turner*, 929 So. 2d 890, 898-901 (La. Ct. App. 1993). The ineffective assistance of counsel claim was addressed and rejected in Turner's state application for postconviction relief. Each claim was therefore adjudicated on the merits in state court. Turner's federal habeas application was filed in January 1998 and thus is reviewed under AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct 2059 (1997). Under AEDPA, Turner's habeas petition can be granted only if the state court adjudication was either 1) contrary to, or involving an unreasonable application of, clearly established federal law or 2) based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

To prevail on an ineffective assistance of counsel claim, Turner must show 1) deficient performance and 2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 689-94, 104 S. Ct. 2052 (1984). Turner alleges several errors of omission by his trial attorney. Some of the alleged omissions are entirely fictional. Others were omissions, but it is not clear that they were errors. Turner has therefore failed to show either deficient performance or prejudice. Turner claims his attorney failed to investigate, but has failed to make the requisite specific showing of 1) what the investigation would have revealed and 2) how it would have changed the outcome of the trial. *See U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Finally, Turner contends certain witnesses should have been called, yet has failed to show 1) what testimony would have been presented had these witnesses been called and 2) that he was prejudiced by the failure to call them. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). The state court did not err in rejecting Turner's ineffective assistance claim.

Turner claims that he was entitled to an evidentiary hearing to develop the factual allegations of his ineffective assistance claim. Turner's ineffective assistance claim was denied without a hearing in his Louisiana postconviction proceeding. We review the federal district court's denial of a hearing for abuse of discretion. *See Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998); 28 U.S.C. § 2254(e).

To receive a federal evidentiary hearing, the burden is on a habeas petitioner to allege facts entitling him to relief if true.[1]  *See Wilson v. Butler*, 825 F.2d. 879, 880 (5th Cir. 1987).   Turner is not entitled to such a hearing unless he can provide some concrete indication of what the hearing would show and how that evidence would prove his ineffective assistance claim.  *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992) (denying evidentiary hearing as legally unjustified "[a]bsent any concrete indication of the substance of the mitigating evidence" the hearing supposedly would have provided).  Turner does not provide any specific evidence as to why a hearing was needed or what he hoped to learn.  He merely alleges that his constitutional rights were violated by its denial.  His conclusory allegations are insufficient to establish the need for a hearing.  *See id.*

Moreover, Turner's underlying ineffective assistance of counsel claims do not themselves suggest that a hearing was necessary.  Those claims which are specific and verifiable are undermined rather than supported by the record.  *See Lincecum v. Collins,* 958 F.2d at 1280 (evidentiary hearing unnecessary when state court record contains adequate, relevant evidence on factual basis for claim).  The other claims are conclusory and speculative.  *See Lavernia v. Lynaugh*, 845 F.2d 493, 501 (5th Cir. 1995) (court need not award hearing based on "speculative and inconcrete claims"); *Young v. Herring*, 938 F.3d 543, 560 n. 11 (5th Cir. 1991)  (evidentiary hearing not required where petitioner had not provided "some reason for the district court to conclude the allegations had a basis in fact").  Such claims do not mandate an evidentiary hearing.

Finally, Turner is not entitled to an evidentiary hearing unless we believe that he is entitled to relief if his allegations prove true.  *See Moawad v. Anderson*, 143 F.3d 942, 947-48 (5th Cir. 1998) (denying evidentiary hearing because, upon evaluating merits of ineffective assistance claim, court found errors, if proven, would not have been prejudicial).  Turner has not shown or suggested the requisite prejudice.   In sum,  Turner has failed to establish either 1) that the court abused its discretion in denying him an evidentiary hearing or 2) that he was prejudiced by the denial of a hearing.  The denial does not give rise to a claim under § 2254.

---

[1]Contrary to Turner's implication, the existence of ineffective assistance of counsel is not a factual allegation.  It is a mixed question of law and fact.  Thus allegations of facts showing ineffective assistance justify a hearing, while bare allegations of ineffective assistance do not.

Turner contends that the prosecution engaged in an improper closing argument which attacked his character. He has failed to specify the statements he objects to. Nor does he provide any factual or legal support for his allegation. Turner therefore has failed to show that the trial court erred in dismissing it. Alternately, the claim could be deemed abandoned because Turner has failed to cite to the record and explain the legal and factual basis for his claim. *See* FED. R. APP. P. 28(a) (9) (A); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (Rule 28 applies to *pro se* litigants); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (insufficiently briefed claim deemed abandoned on appeal).

Turner claims that his sentence was improper for two reasons: 1) it exceeded the Louisiana state sentencing guideline (although not the statutory limit) and 2) one of the reasons given for the upward departure from the sentencing guidelines, the fact that a policeman was the victim, was an element of the crime of attempted first-degree murder.

Habeas relief is reserved for constitutional violations. *See Jamerson v. Estelle*, 666 F.23d 241, 245 (5th Cir. 1982). Turner's forty (40) year sentence did not exceed the statutory range for his crime of attempted first-degree murder. *See* LA. REV. STAT. ANN § 14:30(C) (West 1992); LA REV. STAT. ANN. § 14.27(D)(1) (West 1992) (attempted first-degree murder punishable by 10-50 years at hard labor). We therefore accord the state sentencing decision wide discretion. *See Haynes v. Butler*, 825 F.2d 921, 924 ("If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion' or that an error of law resulted in the improper exercise of the sentencer's discretion."). Turner has failed to show that the trial court's upward departure from the Louisiana sentencing guidelines represented an abuse of discretion. As such, his first objection to his sentence is not a cognizable habeas claim.

Turner's second contention is also without merit, because the fact that a policeman was his victim was not "double-counted" to enhance his sentence. Turner's crime was attempted first-degree murder rather than attempted second-degree murder because his victim was a policeman. *See* LA. REV. STAT. ANN § 14:30(C) (West 1992). But the maximum sentence in Louisiana at the time was

the same–50 years–for both crimes. *See id.* (first-degree murder punishable by death or mandatory life sentence; second-degree murder punishable by mandatory life sentence); LA. REV. STAT. ANN. § 14.27(D)(1) (attempt at crime punishable by life sentence is punishable by 10-50 years at hard labor). In sentencing Turner, the trial court noted that it felt his sentence should reflect that this was attempted first-degree, not attempted second-degree, murder. The status of his victim was reflected once, not twice, in Turner's sentence. Moreover, the trial court listed several other grounds for its sentence. It stated that Turner's ext ensive criminal history, particularly his prior violent crimes against police, was the "most significant aggravating circumstance." Turner's sentence was not an abuse of discretion.

Turner has failed to establish a 28 U.S.C. § 2254 claim. The district court's denial of relief is AFFIRMED.